Electronically Filed
3/27/2023 12:50 PM
Karen Phillips, Smith County Clerk
Reviewed By: Annette Holmes

CAUSE NO. 75221-B

| | | |
|---|---|---|
| **LAURA BURROUGHS, Individually and as Executrix of the Estate of JACK E. BURROUGHS, Deceased; HEATHER SINCLAIR, Individually, as Representative of the Estate of BLAKE G. SINCLAIR, Deceased, and as Next Friend of K.S., a Minor; ALEX SINCLAIR, Individually; TAYLOR SINCLAIR, Individually; and BRITTANY PHILLIPS, Individually.** *Plaintiffs,* | § | **IN THE COUNTY COURT** |
| **V.** | § | **AT LAW NO. 3** |
| **AFFORDABLE CARE, LLC, f/k/a AFFORDABLE CARE, INC. and AFFORDABLE CARE, LLC, d/b/a AFFORDABLE DENTURES-TYLER** *Defendants.* | § | **OF SMITH COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiffs, Laura Burroughs, Individually and as Executrix of the Estate of Jack E. Burroughs, deceased; and Heather Sinclair, Individually and as Representative of the Estate of Blake G. Sinclair, Deceased, and as Next Friend of K.S. a Minor; and Alex Sinclair, Individually, Taylor Sinclair, Individually, and Brittany Phillips, Individually, by and through the undersigned attorneys file this, their Original Petition, complaining of and against Defendants, Affordable Care, LLC, f/k/a Affordable Care, Inc., and Affordable Care, LLC, d/b/a Affordable Dentures-Tyler. For cause of action, Plaintiffs respectfully show this Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery will be conducted pursuant to a Level 3 discovery control plan. Tex. R. Civ. P. 190.4.

EXHIBIT C



## II. PARTIES

2. Plaintiff Laura Burroughs is an individual who resides in Smith County, Texas. The last three digits of her Social Security number are 322. Ms. Burroughs is the court-appointed Executrix of the Estate of Jack E. Burroughs.

3. Plaintiff Heather Sinclair is an individual who resides in Smith County, Texas. The last three digits of her Social Security number are 144 and the last three digits of her Texas driver's license number are 415.

4. K.S., is a Minor individual and is the son of Blake G. Sinclair, Deceased. K.S. resides in Smith County, Texas. The last three digits of K.S.'s Social Security number are 639.

5. Plaintiff Alex Sinclair is an individual and is the son of Blake G. Sinclair, Deceased, and resides in Smith County, Texas. The last three digits of his Social Security number are 220 and the last three digits of his Texas driver's license number are 136.

6. Plaintiff Taylor Sinclair is an individual and is the daughter of Blake G. Sinclair, and resides in Dallas County, Texas. The last three digits of her Social Security number are 247 and the last three digits of her Texas driver's license number are 529.

7. Plaintiff Brittany Phillips is an individual and the daughter of Blake G. Sinclair, Deceased, and resides in Collin County, Texas, The last three digits of her Social Security number are 494 and the last three digits of her Texas driver's license number are 452.

8. Defendant Affordable Care, LLC, f/k/a Affordable Care Inc., (hereinafter "ACI") is a foreign for-profit limited liability company chartered pursuant to the laws of the State of North Carolina having its principal place of business located in the State of North Carolina. ACI may be served with process by personal service or by certified mail, return receipt requested, directed to its headquarters at 629 Davis Drive, Suite 300 Morrisville, NC 27560.



TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH

9. Defendant Affordable Care, LLC, d/b/a Affordable Dentures-Tyler, (hereinafter "AC Tyler") is a foreign for-profit limited liability company chartered pursuant to the laws of the State of North Carolina having its principal place of business located in the State of North Carolina. AC Tyler may be served with process by personal service or by certified mail, return receipt requested, directed to its registered agent for service of process, National Registered Agents, Inc., 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

10. ACI and AC Tyler will be collectively referred to herein as "Affordable."

## III. JURISDICTION AND VENUE

11. The relief that Plaintiffs seek is within the Court's subject matter jurisdiction.

12. The Court has personal jurisdiction over Defendant ACI because it maintains continuous and systematic contacts with the State of Texas, marketing and selling its services through a network of authorized dental health providers in the State of Texas.

13. The Court has personal jurisdiction over Defendant AC Tyler because it has specific contacts with Texas relevant to this lawsuit, given that the incident that is the subject of this lawsuit occurred at a property owned by AC Tyler.

14. Venue is proper in Smith County pursuant to Texas Civil Practice and Remedies Code § 15.002 (a)(1) because all or a substantial portion of the events and/or omissions giving rise to Plaintiffs' claims occurred in Smith County, Texas.

## IV. AGENCY/*RESPONDEAT SUPERIOR*

15. Whenever it is alleged in this Petition that Defendants did any act or thing, it is meant that their servants, employees, and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendants or was done in the normal routine course of the agency or employment for said Defendant.




TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COU
CLERK'S OF

16. Whenever it is alleged in this Petition that ACI did any act or thing, it is meant that its servants, employees, and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of ACI or was done in the normal course of the agency or employment with ACI.

17. Whenever it is alleged in this Petition that AC Tyler did any act or thing, it is meant that its servants, employees, and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of AC Tyler or was done in the normal course of the agency or employment with AC Tyler.

## V. FACTS

18. This lawsuit results from a preventable act of violence that occurred on March 16, 2022. On that day, disgruntled patient Steven Alexander Smith ("Smith") shot Dr. Jack Burroughs and Dr. Blake Sinclair inside their practice at Affordable Dentures & Implants in Tyler. Both doctors were still alive when responders arrived on scene, and both were rushed to East Texas Medical Center ("ETMC") for treatment. Dr. Burroughs and Dr. Sinclair succumbed to their gunshot wounds later that day.

19. While at the clinic that day for dental services, Smith and clinic staff had a dispute over his dental care that compelled employees to cease treatment and ask that he leave after exhibiting aggressive and threatening behavior. ACI was aware of the threat of such incidents because numerous prior similar incidents of violence or threatened violence had occurred at ACI facilities throughout the United States generally and in Tyler, Texas specifically.

20. At no time did ACI provide adequate security procedures, de-escalation training, or other training to the staff of the Tyler facility. ACI knew, or should have known, about the propensity of the patients at ACI facilities to engage in acts of violence or threatened violence. Despite awareness of a history and pattern of patient violence at its many facilities, ACI did not





adopt adequate security and training procedures. The staff at the Tyler facility had not undergone any such adequate training at the time of the subject occurrence.

21. Prior to the subject incident clinic staff urged Affordable to take reasonable and necessary measures to improve security at the Tyler facility, including a functioning panic button, automatic door locks and other similar measures. Additionally, Affordable did not ensure that on-site staff knew the proper course of action in the event of a possibly violent confrontation if and when it was to occur again.

22. On the day of the occurrence made subject of this suit, the installed panic button did not function properly, and no one present had the necessary training to diffuse or de-escalate the confrontation. Smith had retrieved a handgun from his truck parked outside, and returned to the clinic door while staff tried to lock him out. He burst in, knocking Dr. Burroughs to the ground as Dr. Sinclair attempted to wrest the weapon out of Smith's hand. Their brave acts were to no avail as Smith discharged numerous bullets into the helpless men. The clinic staff never received the proper, critical training necessary to give them the best chance of overcoming their assailant or de-escalating the incident. Smith's attack left both Dr. Burroughs and Dr. Sinclair with critical injuries and ETMC professionals were unable to save either of the men. After the tragic incident made the subject of this suit that resulted in Dr. Burroughs' and Dr. Sinclair's injuries, hospitalization, and death, police apprehended Smith after leaving the scene in his truck. Smith was indicted for capital murder and aggravated assault and is currently incarcerated.

23. Safer practices, policies, and procedures which would have likely prevented Dr. Burroughs' and Dr. Sinclair's death existed at the time Smith forced entry into the clinic and gunned the men down in the lobby of their practice. Nevertheless, Defendants, with heedless and reckless disregard of the known dangers posed by allowing work to continue without an alarm system featuring an operable panic button and without appropriate staff training and supervision




TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE

over de-escalation procedures if an incident such as this were to occur, allowed the doctors and their staff to proceed with these unsafe practices, thereby causing Dr. Burroughs' and Dr. Sinclair's injuries and, ultimately, their deaths.

## VI. NEGLIGENCE

24. The incident made the basis of this suit, and the resulting injuries and deaths of Plaintiffs, were proximately caused by the negligent conduct of Defendants Affordable in one or more of the following respects:

(a) Failure to adequately maintain the equipment, personal property, and/or fixtures on its premises, including but not limited to its alarm system, so that the panic button would function according to specification and alert first responders in the event of emergency;

(b) Failure to adopt adequate security and safety procedures and policies, and provide adequate training to the staff at the Tyler facility;

(c) Failure to routinely inspect its equipment, personal property, and/or fixtures on its premises for potential hazards to its invitees;

(d) Failing to timely and adequately repair its equipment, personal property, and/or fixtures on its premises; and

(e) Failing to adequately warn its business invitees of potential hazards on its premises, including but not limited to those potential hazards caused by maintenance and repairs deferred by Defendants.

25. Each and all of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages, injuries, and death. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## VII. PREMISES LIABILITY CLAIM BY AN INVITEE

26. At all relevant times to this lawsuit, Defendants owned and managed the premises at 3081 State Hwy 31 E Tyler, TX 75702, on which Drs. Burroughs and Sinclair practiced their profession. The practice was known as Affordable Dentures & Implants Tyler.





27. Defendants extended an invitation to the public to enter the premises for their mutual benefit. Plaintiffs entered into the building for the mutual benefit of the parties. Therefore, Plaintiffs were invitees.

28. A condition on Defendants' premises posed an unreasonable risk of harm.

29. Defendants knew or reasonably should have known of the dangerous condition presented by inoperable or missing security equipment and a lack of a trained staff, Defendants should have and would have known of these hazardous conditions.

30. Because Plaintiffs were invitees at all relevant times, Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to them. This duty includes the duty to inspect and the duty to warn invitees of such dangers. Furthermore, Defendants had a duty to reduce or eliminate an unreasonable risk of harm created by a hazardous condition. Despite Defendants' duty, it failed to inspect and failed to cure the dangerous conditions described above.

31. Defendants' breach of duty proximately caused the injuries, deaths, and damages to Plaintiffs, which are described elsewhere herein.

## VIII. NEGLIGENT UNDERTAKING

32. Plaintiffs incorporate by reference the facts pleaded in paragraphs 1 through 31 herein above.

33. In addition to the above and foregoing, Defendants Affordable owed Plaintiffs a duty when they undertook services to provide a security system for the protection of their tenant dental clinicians.

34. After several scares in the years prior to the occurrence that is the subject of this lawsuit, Plaintiffs implored Defendants to install a system that featured a panic button, as the staff was aware that no change could be made to the premises without Affordable's express consent and permission. Defendants knew or should have known that this service was imperative to protecting




TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE

staff from violent encounters.

35. Defendants neglected to exercise reasonable care in this undertaking, and Plaintiffs' reliance on Affordable's execution of this task, and it's omission from ensuring security systems at the subject facility increased the Plaintiffs' risk of harm and vulnerability to violent attack from an intruder.

36. Defendants' breach of duty proximately caused the injuries, deaths, and damages to Plaintiffs, which are described elsewhere herein.

## IX. GROSS NEGLIGENCE OF AFFORDABLE

37. Affordable's negligence, as alleged above, was of such character as to make Affordable guilty of gross negligence. Affordable's conduct was in heedless and reckless disregard of the rights of both Dr. Burroughs and Dr. Sinclair, and involved such an entire want of care as to indicate that Affordable's negligence could only result from their conscious indifference to Decedents' and Plaintiffs' rights, welfare, and safety—as well as the rights, welfare, and safety of the clinic staff and patients. As a result of Affordable's gross negligence, Plaintiffs are entitled to exemplary damages pursuant to Texas Civil Practice & Remedies Code §41.003(a) in such an amount as may be found to be proper under these facts and circumstances.

## X. DAMAGES

38. This is a suit for the wrongful death of Dr. Jack E. Burroughs, and Dr. Blake G. Sinclair. Plaintiffs bring this suit pursuant to the Texas Wrongful Death Act, codified at Texas Civil Practice & Remedies Code §71.001-71.012. Plaintiffs' causes of action are based on Defendants' tortious conduct.

39. Plaintiffs would show that Dr. Jack Burroughs was 75 years of age at the time of his untimely and tragic death. Dr. Burroughs was a devoted and loving husband and father, and was in good health and intended to continue to work for the remainder of his life.





40. Plaintiffs would show that Dr. Blake Sinclair was 59 years of age at the time of his untimely and tragic death. Dr. Sinclair was a devoted and loving husband, father and son and was in good health, and had a remaining life expectancy of approximately 14.7 years according to the United States Life Tables. Arias, et al., "United States Life Tables, 2020," Nat'l Vital Statistics Reports, vol. 71, no. 1, p. 23 (Aug. 8, 2022).

**A. Survival Damages – Estate of Jack E. Burroughs**

41. In addition to other counts making Defendants liable to Plaintiffs pursuant to the Texas Wrongful Death Act, Defendants are liable to Plaintiff Laura Burroughs in her capacity as Executrix of the Estate of Jack Burroughs, Deceased, for injuries causing damages that Jack Burroughs suffered before he died. Plaintiff, Laura Burroughs, in her capacity as Executrix of the Estate of Jack Burroughs, Deceased, brings these claims for damages pursuant to Texas Civil Practice & Remedies Code § 71.021.

42. As Executrix, Plaintiff Laura Burroughs is qualified, pursuant to Texas Estates Code §§ 304.001 and 304.003, to serve as representative of Jack Burroughs' estate. As such, Plaintiff Laura Burroughs appears herein as Executrix of the Estate of Jack E. Burroughs.

43. Jack Burroughs did not die instantly as the result of the wrongful, negligent and/or grossly negligent acts and/or omissions of Defendants. Before dying, Jack Burroughs had claims that he could have asserted against Defendants, had he lived.

44. Defendants' wrongful, negligent, and/or grossly negligent acts and/or omissions proximately caused Jack Burroughs' pre-death damages, which include, but are not limited to past physical pain and suffering, past mental anguish, past medical expenses, and funeral and burial expenses. As Executrix of the Estate of Jack Burroughs, Plaintiff Laura Burroughs is entitled to collect, on behalf of Jack Burroughs' Estate, compensation for the following damages:





(a) As a direct and proximate result of Defendants' wrongful, negligent and/or grossly negligent acts and/or omissions, Jack Burroughs was rushed to a local hospital for medical treatment and was hospitalized a number of days before he succumbed to his injuries. Plaintiff Laura Burroughs, as Executrix of the Estate of Jack Burroughs, seeks recovery of Dr. Burroughs' past medical expenses, and damages for past physical pain and suffering, past mental anguish, and past physical impairment; and

(b) Jack Burroughs was buried in a manner reasonably suitable to his station in life. Plaintiff Laura Burroughs, as Executrix of the Estate of Jack Burroughs, is entitled to compensation for damages in the nature of the reasonable amount of expenses for Jack Burroughs' funeral and burial.

45. By reason of the above and foregoing, Plaintiff Laura Burroughs, as Executrix of the Estate of Jack E. Burroughs, Deceased, has incurred damages in an amount exceeding the minimum jurisdictional limits of this Court.

**B. Survival Damages – Estate of Blake G. Sinclair**

46. In addition to other counts making Defendants liable to Plaintiffs pursuant to the Texas Wrongful Death Act, Defendants are liable to Plaintiff Heather Sinclair in her capacity as Representative of the Estate of Blake Sinclair, Deceased, for injuries causing damages that Jack Burroughs suffered before he died. Plaintiff, Heather Sinclair, in her capacity as Representative of the Estate of Blake G. Sinclair, Deceased, brings these claims for damages pursuant to Texas Civil Practice & Remedies Code § 71.021.

47. Blake Sinclair died intestate. No administration of Blake Sinclair's estate is pending and none is necessary. *See Shepherd v. Ledford*, 962 S.W.2d 28, 31-32 (Tex. 1998), *citing Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). Plaintiff Heather Sinclair is qualified, pursuant to Texas Estates Code §§ 304.001 and 304.003, to serve as representative of Blake Sinclair's estate. As such, Plaintiff Heather Sinclair appears herein as Representative of the Estate of Blake G. Sinclair.




TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE

48. Blake Sinclair did not die instantly as the result of the wrongful, negligent and/or grossly negligent acts and/or omissions of Defendants. Before dying, Dr. Sinclair had claims that he could have asserted against Defendants, had he lived.

49. Defendants' wrongful, negligent, and/or grossly negligent acts and/or omissions proximately caused Blake Sinclair's pre-death damages, which include, but are not limited to past physical pain and suffering, past mental anguish, past medical expenses, and funeral and burial expenses. As the representative of the Estate of Blake Sinclair, Plaintiff Heather Sinclair is entitled to collect, on behalf of Blake Sinclair's estate, compensation for the following damages:

(a) As a direct and proximate result of Defendants' wrongful, negligent and/or grossly negligent acts and/or omissions, Blake Sinclair was rushed to a local hospital for medical treatment and was hospitalized before he succumbed to his injuries. Plaintiff Heather Sinclair, as Representative of the Estate of Blake Sinclair, seeks recovery of Dr. Sinclair's past medical expenses, and damages for past physical pain and suffering, past mental anguish, and past physical impairment; and

(b) Blake Sinclair was buried in a manner reasonably suitable to his station in life. Plaintiff Heather Sinclair, as Representative of the Estate of Blake Sinclair, is entitled to compensation for damages in the nature of the reasonable amount of expenses for Blake Sinclair's funeral and burial.

50. By reason of the above and foregoing, Plaintiff Heather Sinclair, as Representative of the Estate of Blake G. Sinclair, Deceased, has incurred damages in an amount exceeding the minimum jurisdictional limits of this Court.

**C. Wrongful Death Damages of Laura Burroughs, widow of Jack E. Burroughs**

51. As a direct and proximate results of the acts and omissions of Defendants, Plaintiff Laura Burroughs has sustained injuries and damages as a result of the wrongful death of her husband, Jack Burroughs, including, but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SMITH COUNTY
CLERK'S OFFICE

(b) Loss of Decedent's society and companionship, love, affection, comfort, protection and attention;

(c) Loss of inheritance, gifts, benefits and other valuable gratuities;

(d) Loss of household services;

(e) Loss of consortium;

(f) Mental anguish; and

(g) Other damages.

52. By reason of the above and foregoing, Laura Burroughs has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

**D. Wrongful Death Damages of Heather Sinclair, widow of Blake G. Sinclair**

53. As a direct and proximate results of the acts and omissions of Defendants, Plaintiff Heather Sinclair has sustained injuries and damages as a result of the wrongful death of her husband, Blake Sinclair, including, but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

(b) Loss of Decedent's society and companionship, love, affection, comfort, protection and attention;

(c) Loss of inheritance, gifts, benefits and other valuable gratuities;

(d) Loss of household services;

(e) Loss of consortium;

(f) Mental anguish; and

(g) Other damages.

54. By reason of the above and foregoing, Heather Sinclair has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN S
CLERK'S O

**E. Wrongful Death Damages of K.S., a Minor and son of Blake G. Sinclair**

55. As a direct and proximate results of the acts and omissions of Defendants, Plaintiff K.S., a Minor, has sustained injuries and damages as a result of the wrongful death of his father, Blake Sinclair, including, but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

(b) Loss of Decedent's society and companionship, love, affection, comfort, protection and attention;

(c) Loss of inheritance, gifts, benefits and other valuable gratuities;

(d) Loss of household services;

(e) Loss of consortium;

(f) Mental anguish; and

(g) Other damages.

56. By reason of the above and foregoing, K.S., a Minor has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

**F. Wrongful Death Damages of Alex Sinclair, son of Blake G. Sinclair**

57. As a direct and proximate results of the acts and omissions of Defendants, Plaintiff Alex Sinclair has sustained injuries and damages as a result of the wrongful death of his father, Blake Sinclair, including, but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

(b) Loss of Decedent's society and companionship, love, affection, comfort, protection and attention;

(c) Loss of inheritance, gifts, benefits and other valuable gratuities;

(d) Loss of household services;




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SMITH COU
CLERK'

(e) Loss of consortium;

(f) Mental anguish; and

(g) Other damages.

58. By reason of the above and foregoing, Alex Sinclair has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

**G. Wrongful Death Damages of Taylor Sinclair, daughter of Blake G. Sinclair**

59. As a direct and proximate results of the acts and omissions of Defendants, Plaintiff Taylor Sinclair has sustained injuries and damages as a result of the wrongful death of her father, Blake Sinclair, including, but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

(b) Loss of Decedent's society and companionship, love, affection, comfort, protection and attention;

(c) Loss of inheritance, gifts, benefits and other valuable gratuities;

(d) Loss of household services;

(e) Loss of consortium;

(f) Mental anguish; and

(g) Other damages.

60. By reason of the above and foregoing, Taylor Sinclair has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

**H. Wrongful Death Damages of Brittany Phillips, daughter of Blake G. Sinclair**

61. As a direct and proximate results of the acts and omissions of Defendants, Plaintiff Brittany Phillips has sustained injuries and damages as a result of the wrongful death of her father, Blake Sinclair, including, but not limited to the following:




TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

(b) Loss of Decedent's society and companionship, love, affection, comfort, protection and attention;

(c) Loss of inheritance, gifts, benefits and other valuable gratuities;

(d) Loss of household services;

(e) Loss of consortium;

(f) Mental anguish; and

(g) Other damages.

62. By reason of the above and foregoing, Brittany Phillips has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

**XI. STATEMENT REQUIRED BY TEX. R. CIV. P. 47(c)**

63. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek monetary relief in excess of $1,000,000.00.

**XII. DOCUMENTS TO BE USED**

64. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses during the trial of the above-entitled and numbered cause.

**PRAYER FOR RELIEF**

PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that upon final trial of this cause, Plaintiffs recover judgment against Defendants as follows:

(a) Actual damages within the jurisdictional limits of this Court;

(b) Pre-judgment and post-judgment interest as allowed by law;

(c) Costs of Court; and

(d) All such other and further relief to which Plaintiffs may show themselves




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SMITH COUNTY
CLERK'S OFFICE

justly entitled.

Respectfully submitted,

HOSSLEY & EMBRY, LLP

/s/ Jeffrey T. Embry
Jeffrey T. Embry
State Bar No. 2400252
Christopher P. Peirce
State Bar No. 24046604
505 S. Vine Avenue
Tyler, TX 75702
Tel: 903.526.1772
Fax: 903.526.1773

-and-

VICKERY LAW FIRM

________________________
Ron Vickery
State Bar No. 20574250
7270 Crosswater Ave, Suite A
Tyler, TX 75703
Tel: 903.504.5490
Fax: 903.787.7540
ATTORNEYS FOR PLAINTIFF LAURA BURROUGHS

SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

/s/ John D. Sloan, Jr.
John D. Sloan, Jr.
State Bar No. 18505100
jsloan@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Tel: 903.757.7000
Fax: 903.757.7574

ATTORNEYS FOR SINCLAIR & PHILLIPS PLAINTIFFS





## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katelyn Hall on behalf of Jeffrey Embry
Bar No. 24002052
katelyn@hossleyembry.com
Envelope ID: 74039949
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 3/27/2023 4:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chris Peirce | | cpeirce@hossleyembry.com | 3/27/2023 12:50:28 PM | SENT |
| Meg Pennell | | meg@hossleyembry.com | 3/27/2023 12:50:28 PM | SENT |
| Katelyn Hall | | katelyn@hossleyembry.com | 3/27/2023 12:50:28 PM | SENT |
| Jeffrey T.Embry | | jeff@hossleyembry.com | 3/27/2023 12:50:28 PM | SENT |


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SMITH COUNTY
CLERK'S OFFICE