**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| LAURA BURROUGHS, Individually and as Executrix of the Estate of JACK E. BURROUGHS, deceased; HEATHER SINCLAIR, Individually, as Representative of the Estate of BLAKE G. SINCLAIR, deceased, and as Next Friend of K.S., a minor; ALEX SINCLAIR; TAYLOR SINCLAIR; and BRITTANY PHILLIPS, | § § § § § § § § § § § | |
| Plaintiffs, | § § | Case No. 6:23-cv-158-JDK |
| v. | § § | |
| AFFORDABLE CARE, LLC, F/K/A AFFORDABLE CARE, INC, AFFORDABLE CARE, LLC, D/B/A AFFORDABLE DENTURES-TYLER, | § § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION TO ACCEPT AMENDED FILING AND MOTION TO REMAND**

This is a wrongful death case arising out of two homicides at a Tyler, Texas, dental clinic. The victims' survivors brought state-law claims against the clinic in state court. The clinic removed the case under 28 U.S.C. § 1441, asserting diversity jurisdiction because the plaintiffs are citizens of Texas while the clinic is a citizen of North Carolina. The plaintiffs then filed an amended complaint adding the shooter as a defendant, and later filed a "Motion to Accept Amended Filing and Remand," arguing that diversity jurisdiction no longer exists because the shooter is also a Texas citizen. The clinic is opposed.

1

As explained below, the Court denies the plaintiffs' motion.

## I.

On March 16, 2022, disgruntled patient Steven Alexander Smith shot Dr. Jack Burroughs and Dr. Blake Sinclair inside their practice at Affordable Dentures & Implants in Tyler.  Docket No. 1 ¶ 18.  Although both doctors were still alive when responders arrived on scene, both succumbed to their gunshot wounds later that day. *Id*.

A year later, Plaintiffs brought this suit for the wrongful deaths of Dr. Burroughs and Dr. Sinclair.  Plaintiffs are Laura Burroughs, Dr. Burrough's widow and executrix of Dr. Burroughs's estate; Heather Sinclair, Dr. Sinclair's widow, representative of Dr. Sinclair's estate, and next friend of K.S.; and Dr. Sinclair's children, Alex Sinclair, Taylor Sinclair, and Brittany Phillips. *Id*. at 9–15.  Plaintiffs are citizens of Texas and filed the case in the County Court at Law No. 3 of Smith County, Texas, asserting negligence, premises liability, negligent undertaking, and gross negligence claims.  *Id*.

Defendant is Affordable Care, LLC, formerly known as Affordable Care, Inc. and doing business as Affordable Dentures-Tyler (hereinafter, "Affordable Care").  Docket No. 1 ¶ 7.  Affordable Care, LLC is wholly owned by ACI Intermediate Holdings, Inc.  *Id*.  ACI Intermediate Holdings, Inc. is the only member of the LLC and is a corporation organized under Delaware law with a principal place of business in North Carolina.  *Id*.  Accordingly, Affordable Care is a citizen of North Carolina.

*See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of . . . the State or foreign state where it has its principal place of business.").

Thereafter, Defendant timely removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  Docket No. 1 at 2.  Plaintiffs then filed an amended complaint on April 10, 2023, naming Smith as a defendant and alleging that Smith is a citizen of Texas.  Docket No. 4 ¶ 11.  Plaintiffs seek recovery against Smith under a theory of assault and battery.  *Id.* ¶ 37.

Plaintiffs now move the Court to accept their amended complaint adding non-diverse Defendant Smith and to remand the case to the County Court at Law No. 3. Docket No. 5 at 1–2, 9–10.

## II.

The removal of cases from state court is governed by statute.  *See* 28 U.S.C. § 1447.  Section 1447 states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  If a plaintiff seeks to amend the complaint and add a non-diverse party, as Plaintiffs do here, then courts construe the request as a joinder motion subject to § 1447(e).  *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (construing an amended complaint adding new defendants as an attempt to join those defendants); *Hous. Servs., Inc. v. Alden Torch Fin., LLC*, 2021 WL 325640, at *7 (N.D. Tex. Jan. 31, 2021) (same); *Thomas v. Exxon Mobil Corp.*, 2017 WL 3235444, at * 2 (E.D. La. July 31, 2017) (same).

Because granting leave in such circumstances would "divest the court of jurisdiction" and require remand, the Fifth Circuit has instructed district courts to consider several factors to determine whether amendment is proper. *Hensgens*, 833 F.2d at 1181–83; *see also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) (If a plaintiff "seeks to add a non-diverse defendant whose joinder would defeat diversity jurisdiction, the district court must consider the *Hensgens* factors."). The factors examine (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182.

### III.

The Court concludes that, taken together, the *Hensgens* factors weigh against an amendment here.

**1.** The first factor asks whether the purpose of the amendment is to defeat jurisdiction. "Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, at *3 (E.D. La. May 12, 2006). Here, it was no secret who shot and killed Dr. Burroughs and Dr. Sinclair. Docket No. 3 ¶ 18. Plaintiffs in fact repeatedly identified Smith as the killer in their state court petition. *Id.* ¶¶ 18–19, 22–23.

Analyzing similar circumstances, courts have held that adding a non-diverse defendant like Smith post-removal strongly suggests that the purpose is to defeat jurisdiction. *See, e.g.*, *Mid-Am. Supply Corp. v. Truist Bank*, 2023 WL 1765908, at *4 (E.D. Tex. Feb. 3, 2023); *Dettmer v. Safeco Ins. Co. of Ind.*, 2023 WL 2481479, at *2 (N.D. Tex. Mar. 13, 2023); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 564 (W.D. Tex. 2012).

Plaintiffs argue that they stated a valid claim against Smith and thus it is "unlikely" their primary purpose is to defeat jurisdiction. Docket No. 5 at 6 (quoting *Schindler*, 2005 WL 1155862, at *3 (collecting cases)). Plaintiffs also contend that omitting Smith from the original petition was "inadvertent." *Id.* But Plaintiffs' long-held knowledge of Smith's identity indicates otherwise. *See, e.g.*, *Mullen v. Freer Trucking Inc.*, No. 6:22-cv-31-JDK, slip op. at *3 (E.D. Tex. Jan. 17, 2023) (denying motion for leave to amend complaint, despite the amendment's stating viable claims against the non-diverse defendant, because plaintiff knew of the non-diverse defendant's identity before removal (citing *Schindler*, 2005 WL 1155862, at *3)). Plaintiffs cannot plausibly claim that omitting "a significant contributor to the loss suffered by Plaintiffs" was simply a mistake. *See* Docket No. 5 at 4.

Some courts, moreover, consider the speed of amendment following removal as demonstrating an intent to defeat diversity jurisdiction. *Quibodeaux v. Nautilus Ins. Co.*, 2012 U.S. Dist. LEXIS 198179, at *11–12 (E.D. Tex. July 30, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 198172 (E.D. Tex. Aug. 21, 2012); *W&L Ventures, Inc. v. E.W. Bank*, 2014 U.S. Dist. LEXIS 39674, at *11–12 (S.D. Tex.

Mar. 26, 2014); *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012), *report and recommendation adopted*, 2012 WL 13028684 (W.D. Tex. May 11, 2012).  And here, Plaintiffs sought to amend the complaint only seven days after removal by Affordable Care.  Accordingly, the first *Hensgens* factor clearly weighs against permitting amendment.

**2.**  The second factor considers whether Plaintiffs were dilatory in seeking an amendment.  The Court agrees with Plaintiffs that they were not dilatory and that this factor weighs in favor of permitting an amendment.  When analyzing this factor, courts look to the amount of time between the filing of the original petition and the motion to amend, as well as the time between the notice of removal and the motion to amend.  *Lowe v. Singh*, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010).  Plaintiffs filed their amended complaint fourteen days after filing the state court petition and, as noted above, only seven days after removal by Affordable Care.  Docket Nos. 1, 3–4.  Plaintiffs also amended their complaint in the early stages of litigation.

**3.**  The third factor—whether Plaintiffs would be significantly prejudiced if amendment is not allowed—weighs against an amendment here.  To determine prejudice, courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment."  *Lowe*, 2010 WL 3359525, at *3.  Plaintiffs argue that they cannot obtain complete relief without Smith because he's a necessary party to the action.  Docket No. 5 at 8.  But if Plaintiffs prevail, Smith would be jointly and severally liable with Affordable Care, and Plaintiffs have not shown that Affordable

6

Care would be unable to satisfy a judgment against it.  *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994).

Plaintiffs also argue that a separate suit against Smith in state court would increase costs and potentially lead to inconsistent results, but that outcome is neither likely nor significant.  It is unlikely because Plaintiffs knew Smith's identity for more than a year and chose not to sue him in state court.  *Multi-Shot, LLC v. B & T Rentals, Inc.*, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010); *Alanis v. Allstate Ins. Co.*, 2018 WL 2245076, at *5 (W.D. Tex. Jan. 4, 2018) (finding prejudice from a parallel state court proceeding "unlikely" where plaintiff chose not to sue non-diverse defendant in state court where the non-diverse defendant's identity was already known).  And any prejudice from parallel litigation is insignificant because the parties appear willing to avoid duplication and reduce costs.  *See, e.g.*, Docket No. 16 at 4 n.1 (Affordable Care agreeing that "depositions in the state-court case against Smith may be used in this case, provided Affordable [Care] is permitted to participate in those depositions").

**4.**   The parties identify no other factors bearing on the equities.  Plaintiffs complain about duplicative litigation and inadvertent omission, but the Court already addressed those issues above.  Docket No. 5 at 9; *see Patton v. Nike, Inc.*, 2015 WL 1546246, at *4 (E.D. Tex. Apr. 7, 2015) (finding that no other equitable factors existed beyond the factors identified and analyzed when considering the first three *Hensgens* factors).  Defendant does not present any other factors to consider, and the Court cannot discern any.  *See Mid-Am Supply*, 2023 WL 1765908, at *5.

*     *     *

Taken together, the *Hensgens* factors weigh against amendment.  The Court specifically finds that Plaintiffs filed the amended complaint primarily to defeat diversity jurisdiction and will not suffer prejudice from a denial of their motion. These factors justify denial even though Plaintiffs acted promptly to amend their complaint. Accordingly, the Court **DENIES** Plaintiffs' motion to accept their amended filing and **STRIKES** Plaintiffs' Amended Complaint (Docket No. 4). Because Plaintiffs' motion to remand is contingent on the addition of a non-diverse defendant, the Court also **DENIES** Plaintiffs' motion to remand. *Mullen*, slip op. at 6 (denying motion for leave after analysis of the *Hensgens* factors and subsequently denying motion to remand).

So **ORDERED** and **SIGNED** this **5th**  day of **December, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE