IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LAURA BURROUGHS, Individually and as Executrix of the Estate of JACK E. BURROUGHS, deceased; HEATHER SINCLAIR, Individually, as Representative of the Estate of BLAKE G. SINCLAIR, deceased, and as Next Friend of K.S., a minor; ALEX SINCLAIR; TAYLOR SINCLAIR; and BRITTANY PHILLIPS,<br><br>   Plaintiffs,<br><br>v.<br><br>AFFORDABLE CARE, LLC, F/K/A AFFORDABLE CARE, INC.; AFFORDABLE CARE, LLC, D/B/A AFFORDABLE DENTURES-TYLER,<br><br>   Defendants. | Case No. 6:23-cv-158-JDK |

**MEMORANDUM OPINION AND ORDER**

This is a wrongful death case arising out of two homicides at a Tyler, Texas dental clinic. The victims' survivors brought state-law claims against the clinic in state court. The clinic removed the case under 28 U.S.C. § 1441, asserting diversity jurisdiction, and now moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(6).

As explained below, the Court grants the motion and dismisses Plaintiffs' negligence, premises liability, gross negligence, and negligent undertaking claims for

1

failure to state a claim.  The Court further grants Plaintiffs leave to amend their complaint.

I.

On March 16, 2022, disgruntled patient Steven Alexander Smith shot Dr. Jack Burroughs and Dr. Blake Sinclair inside their practice at Affordable Dentures & Implants in Tyler.  Docket No. 3 ¶ 18.  Although both doctors were still alive when responders arrived on scene, both later succumbed to their gunshot wounds.  *Id*.

Earlier in the day, Smith and clinic staff "had a dispute over [Smith's] dental care," which "compelled employees to cease treatment and ask that he leave after exhibiting aggressive and threatening behavior." *Id*. ¶ 18.  Smith then "retrieved a handgun from his truck parked outside and returned to the clinic door while staff tried to lock him out."  *Id*. ¶ 22.  Smith "burst in, knocking Dr. Burroughs to the ground as Dr. Sinclair attempted to wrest the weapon out of Smith's hand."  *Id*.  Dr. Burroughs' and Dr. Sinclair's "brave acts were to no avail as Smith discharged numerous bullets into the helpless men."  *Id*.  Police later apprehended Smith after he left the scene in his truck.  *Id*.  Smith was indicted for capital murder and aggravated assault and is awaiting trial.  *Id*.

A year later, Plaintiffs brought this suit against the owner of the dental clinic, Affordable Care, LLC, f/k/a Affordable Care Inc., and Affordable Care, LLC, d/b/a Affordable Dentures-Tyler (collectively, "Affordable Care").[1]  Plaintiffs are Laura

---

[1] Affordable Care later clarified in its removal papers that there is only a single Affordable Care entity: Affordable Care, LLC, which is a limited liability company organized under North Carolina law and with its principal place of business in North Carolina.  Docket No. 1 ¶ 7.  Plaintiffs do not dispute this assertion.

2

Burroughs, Dr. Burrough's widow and executrix of Dr. Burroughs's estate; Heather Sinclair, Dr. Sinclair's widow, representative of Dr. Sinclair's estate, and next friend of K.S.; and Dr. Sinclair's children, Alex Sinclair, Taylor Sinclair, and Brittany Phillips. Docket No. 3 ¶¶ 2–10.

Plaintiffs allege that Smith's act of violence at the clinic was "preventable" and that Affordable Care is responsible. *Id.* According to Plaintiffs, "numerous prior similar incidents of violence or threatened violence" had occurred at Affordable Care facilities, including at Tyler. *Id.* But, Plaintiffs claim, Affordable Care failed to "provide adequate security procedures, de-escalation training, or other training to the staff of the Tyler facility." *Id.* ¶ 20. Further, clinic staff had "urged Affordable [Care] to take reasonable and necessary measures to improve security at the Tyler facility, including a functioning panic button, automatic door locks and other similar measures." *Id.* ¶ 21. "[T]he installed panic button," however, "did not function properly," and Affordable Care failed to adequately maintain the security system in place. *Id.* ¶¶ 22, 24.

Plaintiffs assert four claims against Affordable Care: negligence, premises liability, negligent undertaking, and gross negligence. They seek damages for the wrongful deaths of Dr. Burroughs and Dr. Sinclair.

Affordable Care now moves to dismiss the claims under Rule 12(b)(6). Docket No. 11.

3

II.

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

A complaint that fails to state a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)). A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Muhammad v. Dallas Cty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.

Affordable Care moves to dismiss the complaint on two primary grounds: (1) the Texas Workers' Compensation Act ("TWCA") bars all of Plaintiffs' claims as a matter of law, and (2) Plaintiffs fail to allege that Affordable Care owed the dentists any duty, and thus, the Court should dismiss the claims under Rule 12(b)(6). As explained below, the Court defers ruling on the applicability of the TWCA's exclusive remedy provision but agrees that Plaintiffs do not adequately plead plausible claims for relief.

### A.

Affordable Care first argues that the TWCA bars all claims as a matter of law. Docket No. 11 at 3–4.

The TWCA states in relevant part:

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.
(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX. LABOR CODE § 4008.001(a)–(b). As the Fifth Circuit has explained, the TWCA "provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence." *Ward v. Bechtel Corp.*, 102

5

F.3d 199, 203 (5th Cir. 1997) (citing *Dickson v. Silva*, 880 S.W.2d 785 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).  For the exclusive remedy provision to apply, a defendant must establish that:  (1) the defendant was the plaintiff's employer as defined by the TWCA, and (2) the defendant held workers' compensation insurance. *W. Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006) (citing TEX. LAB. CODE § 408.001(a)).

Here, Affordable Care argues that Dr. Burroughs and Dr. Sinclair were its employees and subject to the TWCA.  Docket No. 11 at 3.  Plaintiffs respond that the dentists were independent contractors and not bound by the exclusive remedy provision of the TWCA.  Docket No. 17 at 4–7.

The exclusive remedy provision of the TWCA, however, acts as "an affirmative defense on which defendants bear the burden of proof." *Spaulding v. Special Counsel, Inc.*, 2019 U.S. Dist. LEXIS 248428, at *9 (W.D. Tex. Nov. 6, 2019) (citing *W. Steel Co*, 206 S.W.3d at 124).  And it is well-settled that a defendant should raise its affirmative defenses in a motion for summary judgment or at trial—not in a motion to dismiss under Rule 12.  *Id.* (citing *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.)).  Accordingly, the Court will defer ruling on Affordable Care's TWCA argument. *See Spaulding*, 2019 U.S. Dist. LEXIS 248428, at *9 ("Defendant's affirmative defense is more properly brought after the pleading stage and [Plaintiff] has been afforded an opportunity to pursue discovery.").[2]

---

[2] Affordable Care also argues that Section 41.005(a) of the Texas Civil Practice & Remedies Code bars Plaintiffs' "claim for exemplary damages stemming from Plaintiffs' alleged gross negligence claim."

6

B.

Affordable Care next argues that Plaintiffs have not alleged that it owed a duty to the dentists to protect them against the criminal acts of a third party—here, Smith. Docket No. 11 at 4–8. On this basis, Affordable Care moves to dismiss all four claims against it—negligence, negligent undertaking, gross negligence, and premises liability—under Rule 12(b)(6). With respect to the negligent undertaking claim, Affordable Care additionally argues that Plaintiffs failed to allege facts that "Affordable [Care]'s conduct . . . increased the risk of harm to Plaintiffs or that the harm was cause[d] by Plaintiff's reliance on Affordable [Care]'s conduct." *Id*. at 7.

All four claims include as an element that the defendant owed plaintiff a legal duty. *See Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000) (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)) ("To prevail on a negligence claim in Texas, a plaintiff must establish three elements: '(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach.'"); *Austin v. Kroger Tex., L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014) (To prove gross negligence under Texas law, "a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim," among other elements.); *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 205 (Tex. 2015) (quoting *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)) (To prove premises liability in Texas, a plaintiff generally must show

---

Docket No. 11 at 3–4 (citing TEX. CIV. & REM. CODE § 41.005(a) ("In an action arising from harm resulting from an assault, theft, or other criminal act, a court may not award exemplary damages against a defendant because of the criminal act of another.")). Because Plaintiffs' complaint fails to plead a gross negligence claim, as explained below, the Court does not address this argument.

7

that the landowner owed the plaintiff a duty to protect the plaintiff from criminal acts by demonstrating that the landowner "'kn[ew] or ha[d] reason to know of an unreasonable and foreseeable risk of harm to the invitee.'"); *Nall v. Plunkett*, 404 S.W.3d 552, 555–56 (Tex. 2013) (To prove negligent undertaking in Texas, a plaintiff must show that the defendant "acted in a way that requires the imposition of a duty where one otherwise would not exist.").

And in Texas, "[a]s a general rule, a person has no legal duty to protect another from the criminal acts of a third person or control the conduct of another." *E.g., Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Timberwalk*, 972 S.W.2d at 756. There is an exception, however: "[o]ne who controls . . . premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee.'" *Timberwalk*, 972 S.W.2d at 756; *see also Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 530 (5th Cir. 2018) (quoting *Timberwalk*, 972 S.W.2d at 756).[3] "Foreseeability requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable." *Timberwalk*, 972 S.W.2d at 756 (quoting *Walker*, 924 S.W.2d at 377). "When the 'general danger' is the risk of injury from criminal activity, the evidence must reveal 'specific previous crimes on or near

---

[3] The Court notes that Plaintiffs' negligence claim as stated in the complaint "is ordinarily a premises liability claim." *Timberwalk*, 972 S.W.2d at 753. Indeed, courts have dismissed negligence claims when a premises liability claim is the proper theory of recovery. *See Johnson-Maciel v. Sam's East, Inc.*, 2018 WL 3468219, at *2 (S.D. Tex. July 18, 2018); *J.M. v. United States*, 2012 WL 12964639, at *3 (S.D. Tex. Jan. 27, 2012); *see also Galvin v. Lowe's Home Centers, LLC*, 2021 WL 4125100, at *2 (E.D. Tex. Sept. 9, 2021) (dismissing a negligence claim in a trip-and-fall case because a premises liability claim was the proper theory of recovery).

the premises' in order to establish foreseeability." *Id.* (quoting *Walker*, 924 S.W.2d at 377). Courts analyze "'whether any criminal conduct previously occurred on or near the property, how recently it occurred, how often it occurred, how similar the conduct was to the conduct on the property, and what publicity was given the occurrences to indicate that the landowner knew or should have known about them.'" *Smit*, 903 F.3d at 530 (quoting *Timberwalk*, 972 S.W.2d at 757).[4]

Here, Plaintiffs' complaint includes general allegations that Affordable Care "was aware of the threat of such [criminal] incidents because numerous prior similar incidents of violence or threatened violence had occurred at [Affordable Care] facilities throughout the United States generally and in Tyler, Texas specifically." Docket No. 3 ¶ 19. *See also id.* ¶ 20 ("[Affordable Care] knew, or should have known, about the propensity of the patients at [Affordable Care] facilities to engage in acts of violence or threatened violence. Despite awareness of a history and pattern of patient violence at its many facilities, [Affordable Care] did not adopt adequate security and training procedures."); ¶ 34 ("After several scares in the years prior to the occurrence that is the subject of this lawsuit, Plaintiffs implored Defendants to install a system that featured a panic button, as the staff was aware that no change could be made to the premises without Affordable [Care]'s express consent and permission.").

---

[4] The Fifth Circuit in *Smit* referenced a second framework for proving foreseeability "when a premises owner had 'actual and direct knowledge' of 'imminent' criminal conduct." *Smit*, 903 F.3d at 531 (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010)). This framework does not apply here given the facts as alleged.

9

But such general, conclusory allegations of "prior similar incidents of violence" do not come close to alleging the required proximity, recency, frequency, similarity, and publicity of prior criminal acts. *See Lloyd v. Jones*, 2019 WL 4786874, at *19 (E.D. Tex. Sept. 10, 2019) (dismissing complaint for failure to plead facts pertaining to foreseeability of criminal conduct to establish a landlord's duty); *Pelayo v. 24 Hour Fitness USA, Inc.*, 2019 WL 6686702, at *3–4 (S.D. Tex. Nov. 21, 2019) (citing *Timberwalk*, 972 S.W.2d at 757) (same); *Wright v. Bexar Cty. Sheriff's Office*, 2018 WL 6251389, at *4 (W.D. Tex. Nov. 29, 2018) (same); *Menard v. St. Joseph Emergency Physicians, PLLC*, 2017 WL 2178073, at *2 (S.D. Tex. May 18, 2017) (same). Indeed, in *Smit*, the Fifth Circuit affirmed the dismissal of a complaint alleging that a city hosting a festival had the duty to protect against criminal acts by third parties—even though the complaint had included "(1) specific incidents [of prior criminal acts]; (2) general statistics about collisions and drunk driving during the SXSW festival; and (3) the City's pre-festival, subjective awareness of the possibility of an event like the one that killed [the decedent]." 903 F.3d at 531. The court explained that many of the prior incidents were too old or dissimilar, the statistics were "an ill fit for *Timberwalk*'s threshold of 'specific' and 'similar' crimes," and the city's pre-festival discussions merely "hypothesiz[ed]" or "acknowledg[ed] that criminal activity could occur at any time." *Id*. at 532.

Plaintiffs have no answer for this deficiency. They point to concurring and dissenting opinions in Fifth Circuit cases discussing other methods of establishing foreseeability. Docket No. 17 at 9. But Plaintiffs fail to cite where in their complaint

10

they satisfied those claimed alternatives. Plaintiffs also contend that none of this should matter at the pleading stage. Docket No. 17 at 9–10; Docket No. 20 at 2–4. But courts, including this Court and the Fifth Circuit, have held otherwise, as noted above. *See Smit*, 903 F.3d at 531; *Lloyd*, 2019 WL 4786874, at *19; *Pelayo*, 2019 WL 6686702, at *3–4; *Wright*, 2018 WL 6251389, at *4; *Menard*, 2017 WL 2178073, at *2.

Nor do Plaintiffs address the additional problem with their negligent undertaking claim—that the complaint failed to allege that Affordable Care's conduct "increased the risk of harm to Plaintiffs or that the harm was cause[d] by Plaintiff's reliance on Affordable [Care]'s conduct." Docket No. 11 at 7. To state a claim of negligent undertaking, a plaintiff must allege: "(1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and either (a) the plaintiff relied upon the defendant's performance, or (b) the defendant's performance increased the plaintiff's risk of harm." *Nall*, 404 S.W.3d at 555–56. Here, Plaintiff included only a recitation of the elements of a negligent undertaking claim—without any specific facts showing those elements are satisfied here. *See* Docket No. 3 ¶¶ 33–34. Federal Rule 8 requires more. *See, e.g.*, *Riley v. Amazon.com, Inc.*, 2017 WL 7035755, at *3 (S.D. Tex. Aug. 4, 2017).

## IV.

Plaintiffs ask for leave to amend their complaint if the Court determines they "failed to state a claim for any of their causes." Docket No. 17 at 11. The Court grants

11

the request.

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1983)). A district court should "examine[] five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Having considered the five factors, the Court concludes that leave to amend should be granted.

## V.

For the foregoing reasons, the Court **GRANTS** Affordable Care's Motion to Dismiss First Amended Complaint (Docket No. 11) and **DISMISSES** Plaintiffs' negligence, premises liability, gross negligence, and negligent undertaking claims for failure to state a claim. The Court grants Plaintiffs leave to amend their complaint within **fourteen (14) days** of the entry of this Order.

So **ORDERED** and **SIGNED** this **17th** day of **January, 2024.**

*[signature]*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE